

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 19, 1957.

Honorable Richard E. McDaniel
County Attorney
Shelby County
Center, Texas.

Opinion No. WW - 26

Re: Is the Commissioners'
Court required to
furnish a retired
District Judge an
office, and, if they
are not required to
do so, is it per-
missible for the
County to furnish
him an office or
rent him an office
in the County Court-
house?

Dear Mr. McDaniel:

Your request for an opinion concerns the authority of
a County Commissioners' Court to furnish office space for a re-
tired District Judge. In this connection, you have presented
three questions, which are in substance as follows:

(1) Is the Commissioners' Court required to
furnish a retired District Judge an office?

(2) If they are not required to do so, is it
permissible for the county to furnish a
retired District Judge an office in the
courthouse?

(3) Is it permissible for the county to rent a
retired District Judge an office in the
courthouse when this space is not other-
wise being used?

Section 2 of Article 3899b, Vernon's Civil Statutes,
provides:

"Suitable offices and stationery and blanks
necessary in the performance of their duties may
in the discretion of the Commissioners' Court also

> be furnished to resident District Judges,. . .
> and may be paid for on order of the Commission-
> ers' Court out of the County Treasury."
> (Emphasis ours).

The express provisions of this Section clearly estab-
lish the discretionary power of the Commissioners' Court to pro-
vide office space for a resident District Judge; therefore,since
the above quoted statute is discretionary in nature, the Commiss-
ioners' Court is not required to furnish an office for an active
or retired District Judge.

Since Section 2 of Article 3899b is not mandatory in
nature, we must now consider your second question, as to whether
the Commissioners' Court would be permitted to furnish a retired
District Judge office space within the courthouse.

Section 1-a, Article V, Constitution of Texas,provides:

> "The Legislature shall provide for the
> retirement and compensation of Judges and Commiss-
> ioners of the Appellate Courts and Judges of the
> District and Criminal District Courts on account of
> length of service, age, or disability, and for their
> reassignment to active duty where and when needed."
> (Emphasis ours.)

Pursuant to this constitutional mandate, the 51st Legi-
slature enacted House Bill 33 (Acts, 51st Leg., R.S., 1949, ch.
99, p. 181), which has been codified as Article 6228b, V.C.S.
Section 7 thereof provides:

> "Judges retired under the provisions of this
> Act . . . shall, with their own consent, be subject
> to assignment by the Chief Justice of the Supreme
> Court to sit in any Court of this State of the same
> dignity, or lesser, as that from which they retired,
> and if in a District Court, under the same rules as
> provided by the present administrative judicial act,
> and while so assigned, shall have all the powers of
> Judges thereof . . ." (Emphasis ours).

It seems clear that a District Judge retired under the
provisions of Section 7 of Article 6228b, though subject to
assignment by his consent, will have the powers of the judges of
the court to which assigned only while so assigned.  In the
light of this fact, it seems that only while serving in this

capacity could the District Judge possibly qualify as a resident judge as required by Section 2 of Article 3899b. Therefore, inasmuch as the retired District Judge involved in the inquiry is not, at this time, assigned to sit in any court of this State, he is not a resident District Judge within the meaning of Section 2 of Article 3899b. Consequently, in answer to your second question, you are advised that the Commissioners' Court does not have authority to furnish office space in the courthouse for a retired District Judge.

In view of the fact that we have answered both of the foregoing questions in the negative, it now becomes necessary that we pass on your third question as to whether it is permissible for the Commissioners' Court to rent office space in the courthouse to a retired District Judge when this space is not otherwise being used.

In the case of Dodson v. Marshall, 118 S.W. 2d, 621, (Tex.Civ.App. 1938, error dism.) the court held that the Commissioners' Court had the discretionary power to lease space in an unused alcove in the rotunda of a county courthouse. The opinion upheld this rental where the exercise of the privilege would not interfere with the proper use of the courthouse or cause the county any expense, and would afford a convenience to those transacting business in the courthouse.

In Tarrant County v. Rattikin Title Co., 199 S. W. 2d, 269, (Tex. Civ. App. 1947) the court held that the county had the duty to provide space for the examination of public records and that where the county went to the expense of providing a special room for the use of abstract companies it could not charge rent for this office space. The Court, in this opinion, distinguished the Dodson Case on the grounds "that the cold drink stand was erected in the courthouse for that specific purpose and was not located in that part of the courthouse designated for the use of county offices. To allow the Commissioners' Court to lease or rent office space to private enterprise which was originally erected for the use of public office, would be placing the Commissioners' Court and private enterprise in the relation of landlord and tenant, and in a sense would be applying public property for private use, which is against the laws of the State."

It has been concluded above that a District Judge retired under the provisions of Section 7 of Article 6228b has no active powers as a District Judge until assigned under the provisions of that Section. It is further concluded, therefore, that, inasmuch as he has no official function, unless reassigned, he is to be considered as any other private citizen and, as such,

is prohibited by the holding in the Rattikin Title Case from renting office space in a county courthouse.   Consequently, your third question is answered in the negative.

### SUMMARY

The Commissioners' Court is not required nor permitted to furnish office space for a retired District Judge. Neither is the Court authorized to rent office space in the courthouse to a retired judge.

Yours very truly,

WILL WILSON
Attorney General

By Wayland Rivers, Jr.
Assistant Attorney General

WR:zt

APPROVED:

By  H. Grady Chandler,
        Chairman